IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLACKHAWK NETWORK, INC.,
BLACKHAWK NETWORK
HOLDINGS, INC., and
BLACKHAWK NETWORK
(CANADA) LTD.,

               Petitioners,

        v.

IDX CORPORATION,

               Respondent.

Misc. Action No. 22-368-CFC

---

## MEMORANDUM ORDER

Blackhawk Network, Inc., Blackhawk Network Holdings, Inc. and

Blackhawk Network (Canada) Ltd. (together, Blackhawk) initiated this action with

the filing of a Petition to Compel Arbitration pursuant to Sections 206 and 4 of the

Federal Arbitration Act (the FAA), 9 U.S.C. §§ 1 *et seq.* against Respondent idX

Corporation.  (D.I. 2)  Pending before me are Blackhawk's Petition and Motion to

Compel Arbitration (D.I. 3) and idX's Cross-Motion to Deny Arbitration (D.I. 21).

Blackhawk distributes gift cards of third-party brands (think Apple iTunes,

Barnes & Noble, the GAP, etc.) through retail stores (think Office Depot, Target,

Wegmans, etc.).  It typically displays the cards in its retail partners in so-called

"fixtures" that hold hundreds of cards for a variety of brands.  Blackhawk contracts

with manufacturers to make these fixtures.  Over the years, Blackhawk used

several manufacturers, including idX and a non-party known as AVision, to make

the fixtures Blackhawk uses in Canada.  (D.I. 20 ¶ 19)  In 2019, Blackhawk and

idX entered into a Fixtures Master Services Agreement (the FMSA).  (D.I. 20 ¶ 21)

The FMSA contemplated that idX would provide services and deliverables to

Blackhawk relating to gift card fixtures.  (D.I. 20 ¶ 22)  In section 16 of the FMSA,

Blackhawk and idX promised each other that they would "settle by binding

arbitration any dispute . . . which in any way arises out of or relates to . . . the

relationship between [idX] and Blackhawk."  (D.I. 2-1 § 16)  They also agreed that

any such arbitration would be conducted by the American Arbitration Association

(the AAA) under its Commercial Arbitration Rules.  (D.I. 2-1 § 16)  In section 21.4

of the FMSA, Blackhawk and idX agreed that "[t]he interpretation and

enforcement of this Agreement shall be governed by the laws of the State of

California."  (D.I. 2-1 § 21)

In 2022, AVision sued Blackhawk and idX in Canada.  The gist of

AVision's claims is that Blackhawk and idX copied AVision's fixtures, improperly

used AVision's confidential and proprietary information to do so, and infringed

AVision's intellectual property.  (D.I. 20 ¶ 21)  idX filed a pleading in Canada

asserting crossclaims against Blackhawk for contribution, indemnity, and other relief.

Blackhawk seeks by its Petition and motion an order compelling idX to arbitrate "the parties' dispute regarding indemnification, including the action filed by idX against Blackhawk in Canada." (D.I. 2 at 1)  It argues that the FMSA requires arbitration of idX's crossclaims under the FAA.

The FAA provides that "[a] party aggrieved by the . . . refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.  idX does not dispute that the FMSA falls within the FAA.  Nor does it challenge Blackhawk's argument that idX's counterclaims constitute a "dispute [that] . . . relates to . . . the relationship between [idX] and Blackhawk." (D.I. 2-1 § 16)  Instead, idX makes two arguments in opposition to Blackhawk's Petition and motion and in support of its cross-motion.

idX argues first that its crossclaims arise from work it performed under a different contract called a "Purchase Order."  The Purchase Order includes a non-exclusive consent to jurisdiction in the courts of the Province of Ontario.  (D.I. 26, Ex. A)  idX argues that this provision supersedes section 16 of the FMSA, at least with respect to its crossclaims.  The Purchase Order, however, was sent by

Blackhawk not to idX but to an affiliate of idX, and nothing in the Purchase Order makes idX a party to it.  The promise that idX made to Blackhawk in the FMSA to arbitrate disputes cannot have been superseded by a contract to which idX was not a party.  *Brooklyn Union Gas Co. v. NewFields Cos., LLC*, 2020 WL 7770993, at *5 (E.D.N.Y. Dec. 30, 2020); *Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, 2017 WL 5071264, at *6 (D. Conn. Nov. 3, 2017).  To paraphrase the Third Circuit, if idX wanted to be able to argue that the forum selection clause in the Purchase Order superseded its own agreements in the FMSA, it should have directed its affiliate to include appropriate language in the Purchase Order allowing it to do so.  *See Dayhoff, Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1297 (3d Cir. 1996).[1]

idX's second argument is that even if the FMSA covers its counterclaims, I should exercise discretion to refuse to compel arbitration on the ground that the Canada litigation involves a non-party (AVision) that is not subject to arbitration. idX points out that section 21.4 of the FMSA provides that "[t]he interpretation and enforcement of this Agreement shall be governed by the laws of the State of

---

[1] After the conclusion of briefing, idX submitted correspondence stating that it had proposed to amend its pleading in the Canada litigation to substitute or add parties, presumably to address the fact that the party asserting the crossclaims was not a party to the Purchase Order.  (D.I. 34)  I need not consider the effect of any such amendment because it does not appear that any amendment has actually been made.  (*See* D.I. 35)

California" (D.I. 2-1) and that section 1281.2(c) of the California Code of Civil Procedure permits a court to decline to compel arbitration if the court "determines that . . . [a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." (D.I. 22 at 12 (quoting Cal. Code Civ. Proc. § 1281.2(c))).

In response, Blackhawk argues that in *Preston v. Ferrer*, 552 U.S. 346 (2008), "the Supreme Court determined that section 1281.2(c) was inapplicable when the parties chose the AAA Rules, which reserves resolution of jurisdictional issues to the arbitrators." (D.I. 27 at 10) Blackhawk says that "arbitrators, not courts, are empowered under the AAA Rules to make . . . determinations" such as the one idX seeks based on section 1281.2(c). (D.I. 27 at 2) Blackhawk overstates the holding of *Preston*. Nevertheless, I agree with Blackhawk that an arbitrator, not I, should decide whether to forgo arbitration in this matter pursuant to section 1281.2(c).

Neither party sought to enforce a right to have an arbitrator resolve their dispute about whether the Purchase Order superseded the FMSA,[2] and so I had to resolve that dispute. In contrast, in response to idX's arguments about the

---

[2] (D.I. 2; D.I. 3-1; D.I. 4 at 12–13; D.I. 22 at 5–12; D.I. 27 at 3–10)

applicability and application of California law, Blackhawk has asserted a right under the FMSA to have the arbitrator resolve the jurisdictional issue those arguments present.  (D.I. 27 at 2, 10-11)

Parties may agree to have an arbitrator decide "gateway" questions of arbitrability.  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010).  The Supreme Court has explained that an "agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other."  *Id.* at 70.  Thus, "the question of who decides arbitrability is itself a question of contract."  *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 527 (2019).  Parties delegate gateway disputes about arbitrability to the arbitrator if their agreement does so by "clear and unmistakable evidence." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (cleaned up).

Here, by providing in the FMSA that any arbitration would be conducted pursuant to the AAA Commercial Arbitration Rules, which empower arbitrators to determine their own jurisdiction, Blackhawk and idX provided clear and unmistakable evidence of their agreement that gateway disputes over arbitrability would be resolved by the arbitrator. *Richardson v. Coverall N. Am., Inc.*, 811 F. App'x 100, 103 (3d Cir. 2020).  Arbitration of the questions whether the FMSA

should be construed to incorporate section 1281.2(c) and, if so, how section 1281.2(c) applies to idX's crossclaims does not present any conflict with section 16 of the FMSA.  Those questions are not at issue in the Canada litigation and do not involve third parties, and their resolution by an arbitrator does not present any "possibility of conflicting rulings on a common issue of law or fact" with the Canada litigation.  Cal. Code Civ. Proc. § 1281.2(c).  Accordingly, these questions must be resolved in arbitration.

NOW THEREFORE, at Wilmington on this Sixth day of June 2023, it is **HEREBY ORDERED** that:

1. Blackhawk's Motion to Compel Arbitration (D.I. 3) is **GRANTED;**

2. idX's Cross-Motion to Deny Arbitration (D.I. 21) is **DENIED**; and

3. Blackhawk's Petition to Compel Arbitration (D.I. 2) is **GRANTED**.

CHIEF JUDGE COLM F. CONNOLLY